UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DM INDUSTRIES, LTD.,            Case No. 09-15533-BKC-LMI
                                            Chapter 11 Case

         Debtor.
_____/

**DEBTOR'S MOTION TO ESTABLISH PROCEDURES
FOR MONTHLY AND INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

DM Industries, Ltd., the above-captioned debtor and debtor-in-possession (the "Debtor" or the "Company"), by undersigned counsel, files this motion (the "Motion") seeking the establishment of procedures for monthly and interim compensation. In support of this Motion, the Debtor relies upon the *Declaration of Eric Dormoy in Support of First Day Pleadings* (the "First Day Declaration"), which was filed contemporaneously herewith, and respectfully represents the following:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

**Background**

2.      On March 27, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

3.      The Debtor is a leading manufacturer of luxury hydrotherapy products for indoor and outdoor use. The Company produces portable hot tubs, swim spas and luxury whirlpool tubs marketed worldwide under the brand names of Vita Spa, Vita Bath, xStream Pro, and Reflection

1952542-3

Spas. The Debtor's headquarters and manufacturing facilities are located in six buildings (with area of approximately 275,000 square feet) in Opa-Locka, Florida.

4. For a more detailed description of the Debtor and its operations, the Debtor respectfully refers the Court and parties in interest to the First Day Declaration.

### Relief Requested and Basis Therefor

5. The Debtor respectfully requests that the Court enter an order establishing a procedure for compensating and reimbursing professionals on a monthly basis, comparable to those established in other Chapter 11 cases in other districts. That way, the Court and parties-in-interest can more effectively monitor the fees incurred, and the Debtor will be able to spread out its payments of professional fees, rather than suffer larger depletions to its cash flow on an irregular basis.

6. In connection with this case, the Debtor has filed applications to retain Berger Singerman, P.A. as its bankruptcy counsel and Crisis Management, Inc. as its financial advisor and chief restructuring advisor. Because of the likelihood that the Debtor will seek to employ additional professionals, and the likelihood that a committee will be appointed who will seek to employ counsel, the process of such professional fee applications may well be burdensome on the Debtor, these professionals and the Court. Thus, implementation of compensation procedures will provide a streamlined and otherwise efficient method for compensating professionals and, as stated, such procedures will allow the Court and parties interest to monitor fees sought by and paid to such professionals.

7. In summary, the requested monthly compensation procedure would require all estate professionals whose retention is approved by the Court (the "Professionals") to present to counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors (the "Committee"), if

one is established, and the United States trustee, a detailed statement of services rendered and expenses incurred for the prior month. If no timely objection is filed, the Debtor would promptly pay 80% of the amount of fees incurred for the month, (that is, there would be a 20% holdback), and 100% of out-of-pocket expenses for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process (approximately every 120 days).

8. The Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

(a) On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement upon (i) the Debtor, c/o DM Industries, Ltd., 2320 N.W. 147th Street, Opa-Locka, FL 33054, Attn: Henry Hirst; (ii) Debtor's counsel, c/o Berger Singerman, P.A., Attn: Berger Singerman, P.A., Attn: Arthur J. Spector, Esq., 350 E. Las Olas Boulevard, 10th Floor, Fort Lauderdale, FL 33301 and Douglas A. Bates, Esq., 200 S. Biscayne Boulevard, 10th Floor, Miami, FL 33131; (iii) the Office of the United States Trustee, 51 S.W. 1st Avenue, Ste. 1204, Miami, FL 33131; (iv) counsel for the Committee, if one is established; and (v) counsel for all postpetition lenders or their agents (collectively, the "Application Recipients");

(b) The monthly statement would not need to be filed with the Court nor would a courtesy copy need to be delivered to the presiding judge's chambers since these procedures are not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida;

(c) Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month;.

(d) Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients within 15 calendar days of service of the statement. The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable;

(e) In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below;

(f) If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e). All Professionals shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fees disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of the Court;

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on the Application Recipients: (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor is authorized to pay, in accordance with sub-paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.  See paragraph (k), below;

(i) The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application;

(j) The first fee statement shall be served by each of the professionals by May 10, 2009, and shall cover the period from the bankruptcy Petition Date through April 30, 2009 (the "First Statement").  Objections, if any, to the First Statement shall be served on the Application Recipients by May 25, 2009;

(k) Unless the Court orders otherwise, each Professional utilizing these procedures shall file interim fee applications in accordance with section 331 of the Bankruptcy Code as follows:

> i) First Interim Fee Applications may be filed on or before August 20, 2009 (the "First Interim Fee Applications").  The First Interim Fee Applications shall represent fees and costs incurred by the professionals from Petition Date through July 31, 2009.

1952542-3

      ii)      Second Interim Fee Applications may be filed on or before December 20, 2009 (the "Second Interim Fee Applications").  The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from August 1, 2009 through November 30, 2009.

      iii)      Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period.  The Court shall schedule and conduct a hearing, upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(l)      A Professional who fails to file an application seeking approval of compensation and expenses previously paid under these procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court;

(m)      A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(n)      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

9.      The Debtor will include all payments made to Professionals as contemplated herein in its monthly operating reports, identifying the amount paid to each Professional.

10.      The procedure suggested herein will enable all parties to closely monitor costs of administration, and will enable the Debtor to maintain a more level cash flow availability and implement efficient cash management.

**Authority for Relief**

11. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits . . . ." 11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code provides, in part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Comparable procedures to those set forth herein have been adopted in other chapter 11 cases in this state. S*ee, e.g.*, *In re Gemini Cargo Logistics, Inc.*, *et al,* Case No. 06-10870-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006) (C.P. No. 70); *In re Atlas Worldwide Holdings, Inc., et al,* Case No. 10792-BKC-RAM (Bankr. S.D. Fla. Feb. 9, 2004) (C.P. No. 127); *In re Levitt and Sons, LLC, et al,* Case No. 19845-BKC-RBR (Bankr. S.D. Fla. Nov. 14, 2007) (C.P. No. 58); *In re Tousa, Inc., et al,* Case No. 10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008) (C.P. No. 103).

**Reservation of Debtor's Rights**

12. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code § 365. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

1952542-3

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order in the form annexed hereto as Exhibit A: (i) granting this Motion; (ii) authorizing the procedures for compensating and reimbursing professionals as set forth herein; and (iii) granting the Debtor such other and further relief to which they are entitled.

Dated:  March 30, 2009                                         Respectfully submitted,

                                                  BERGER SINGERMAN, P.A.
*Proposed Counsel for the Debtor*
200 South Biscayne Boulevard, Suite 1000
Miami, FL  33131
Telephone:  (305) 755-9500
Facsimile:   (305) 714-4340
and
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

By: _/s/  Arthur J. Spector_
       Arthur J. Spector
       Florida Bar No. 620777
       aspector@bergersingerman.com
       Douglas A. Bates
       Florida Bar No. 791431
       dbates@bergersingerman.com

1952542-3

**EXHIBIT A**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DM INDUSTRIES, LTD.,                    Case No. 09-15533-BKC-LMI
                                        Chapter 11 Case

        Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER ESTABLISHING
PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS</u>**

**THIS MATTER** came before the Court on the ____ day of _____, 2009 at _____ in Miami, Florida, upon the *Debtor's Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* [D.E. ____] (the "Motion")[1]. The Motion requests the entry of an order establishing a procedure for compensating and reimbursing Professionals on a monthly basis. The Court, having determined that the relief requested in the Motion is in the best interests of the Debtor, the estate, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion on the Office of the United States

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1952542-3

Trustee, the 20 unsecured creditors holding the largest claims, and counsel for all prepetition lenders, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; upon the representation of the Debtor that the estate is administratively solvent; finding that good and sufficient cause exists to grant the Motion, it is

    **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      Interim compensation and reimbursement of expenses of the Chapter 11 professionals in this case shall be in accordance with this Order.

3.      Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in these cases may seek monthly interim compensation in accordance with the following procedures:

    (a)    On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement, by hand or overnight delivery upon (i) the Debtor, c/o DM Industries, Ltd., 2320 N.W. 147th Street, Opa-Locka, FL 33054, Attn: Henry Hirst; (ii) Debtor's counsel, c/o Berger Singerman, P.A., Attn: Arthur J. Spector, Esq., 350 E. Las Olas Boulevard, 10th Floor, Fort Lauderdale, FL 33301 and Berger Singerman, P.A., Attn: Douglas A. Bates, Esq., 200 S. Biscayne Boulevard, 10th Floor, Miami, FL 33131; (iii) the Office of the United States Trustee, 51 S.W. 1st Avenue, Ste. 1204, Miami, FL 33131; (iv) counsel for the Committee, if one is established; and (v) counsel for all postpetition lenders or their agents (collectively, the "Application Recipients");

    (b)    The monthly statement need not be filed with the Court nor would a courtesy copy need to be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since

Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida;

(c) Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month;.

(d) Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients within 15 calendar days after service of the statement. The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable;

(e) In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below;

(f) If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e). All Professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fees disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon

3

the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of Court;

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on the Application Recipients: (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor is authorized to pay, in accordance with sub-paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. See paragraph (k), below;

(i) The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application;

(j) The first fee statement shall be served by each of the professionals by May 10, 2009, and shall cover the period from the Petition Date through April 30, 2009 (the "First Statement"). Objections, if any, to the First Statement shall be served on the Application Recipients by May 25, 2009;

(k) Unless the Court orders otherwise, each Professional utilizing these procedures shall file interim fee applications in accordance with Section 331 of the Bankruptcy Code as follows:

    i) First Interim Fee Applications may be filed on or before August 20, 2009 (the "First Interim Fee Applications"). The First Interim Fee

        Applications shall represent fees and costs incurred by the professionals from Petition Date through July 31, 2009.

  ii)    Second Interim Fee Applications may be filed on or before December 20, 2009 (the "Second Interim Fee Applications").  The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from August 1, 2009 through November 30, 2009.

  iii)    Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period.  All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases.  The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the interim fee application in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(l)    A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court;

(m)    A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(n)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

4.    The Debtor shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5.    The Debtor may not make any payments under this Order if the Debtor has not timely filed monthly operating reports or remained current with their administrative expenses and

28 U.S.C. § 1930. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtor or the Committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

8. All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification when serving each monthly invoice: I hereby certify that I am in compliance with the terms of the *Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals*.

#   #   #

Submitted by:
Douglas A. Bates, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail: dbates@bergersingerman.com

Copies to:
Douglas A. Bates, Esq.
*(Attorney Bates is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest)*