UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Case

DM Industries, Ltd.                                       Case No. 09-15533-BKC-LMI

        Debtor.
_____/

### DEBTOR'S AMENDED APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF BERGER SINGERMAN, P.A. AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

DM Industries, Ltd., (the "Debtor"), files this application (the "Application") pursuant to 11 U.S.C. § 327(a), seeking approval of the employment of Arthur J. Spector and the law firm of Berger Singerman, P.A. (collectively, "Berger Singerman"), as counsel to the Debtor effective as of the petition date and states:

1. On the date hereof (the "Petition Date"), the Debtor commenced this case upon the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* in this Court.

2. The Debtor is a leading manufacturer of luxury hydrotherapy products for indoor and outdoor use. The Company produces portable hot tubs, swim spas and luxury whirlpool tubs marketed worldwide under the brand names of Vita Spa, Vita Bath, xStream Pro, and Reflection Spas. The Debtor's headquarters and manufacturing facilities are located in six buildings (with area of approximately 275,000 square feet) in Opa-Locka, Florida.

3. For a more detailed description of the Debtor and its operations, the Debtor respectfully refers the Court and parties in interest to the *Declaration of Eric Dormoy* in Support of First Day Pleadings (the "First Day Declaration").

1929117-2

4. The Debtor believes that it is in the best interest of the estate to retain Berger Singerman as general counsel in this case. The Debtor believes that the attorneys of Berger Singerman are qualified to practice in this Court and are qualified to advise the Debtor on their relation with, and responsibilities to, the creditors and other interested parties.

5. The professional services that Berger Singerman will render include, but are not limited to, the following:

(a) To advise the Debtor with respect to its responsibilities in complying with the United States Trustee's Guidelines and Reporting Requirements and with the rules of the Court;

(b) To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these cases;

(c) To protect the interests of the Debtor in all matters pending before the Court; and

(d) To represent the Debtor in negotiations with their creditors and in the preparation of a plan.

6. Berger Singerman has substantial experience in bankruptcy cases before this Court and others, and is well qualified to act as counsel for the Debtor.

7. To the best of the Debtor's knowledge, except as disclosed in the *Declaration of Arthur J. Spector, on Behalf of Berger Singerman, P.A., as Proposed Counsel for the Debtor Effective as of the Petition Date* (the "Spector Declaration"), neither Arthur J. Spector ("Spector") nor Berger Singerman has any connection with the creditors or other parties in interest or their respective attorneys. As set forth in the Spector Declaration, to the best knowledge of Spector, neither Spector nor Berger Singerman represents any interest adverse to the Debtor.

1929117-2

2

8. Attached to this Application is the Spector Declaration containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure and demonstrating that under these circumstances Spector and Berger Singerman are disinterested as required by section 327(a) of the Bankruptcy Code.

9. Berger Singerman will apply for compensation and reimbursement of costs, pursuant to sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor.

10. The Debtor seeks entry of an order, on an interim basis, approving the employment of Berger Singerman and providing, in part, that any objection to the entry of a final order approving the Application shall be filed and served within 20 days after the entry of the interim order, and that if no objection is timely filed, the interim order shall become final for all purposes, and the Application shall be approved in all respects. Delaying the Debtor's employment of competent counsel in this case until 20 days after filing the petition for relief would leave the Debtor unable to seek the relief that is required to maintain and protect the estate in the early days of its chapter 11 case as the Debtor, an artifical person (a limited partnership) is not permitted to appear in court without a lawyer. Accordingly, interim relief is necessary to avoid immediate and irreparable harm to the estate.

WHEREFORE, the Debtor respectfully request that the Court enter an order in the form annexed hereto as **Exhibit A** (i) approving the Debtor's employment of Berger Singerman, P.A. as counsel to the Debtor effective as of the Petition Date, and (ii) granting any other relief as this Court deems appropriate.

Dated: April 6, 2009

>   Respectfully submitted,
>   DM Industries, Ltd.
>
>   By: _____
>   Eric Dormoy
>   President, MAS Industries, Inc.
>   General Partner

EXHIBIT A
PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                             Chapter 11 Case

DM Industries, Ltd.                                Case No. _____

       Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER
AUTHORIZING EMPLOYMENT OF BERGER SINGERMAN, P.A. AS
COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

**THE MATTER** having come before the Court on the ____ day of _____, 2009 at ____ a.m./p.m. in Miami, Florida upon the *Debtor's Application For Order Authorizing Employment of Berger Singerman, P.A. as Counsel to the Debtor Nunc Pro Tunc to the Petition Date* (the "**Application**") (D.E. No. __), the *Declaration in Support of First Day Pleadings* (the "**First Day Declaration**") (D.E. No. __), and the *Declaration of Arthur J. Spector in Support of Debtor's Application* (the "**Spector Declaration**") attached to the Application. The Application requests entry of an order, on an interim basis, approving the Debtor's employment of Berger Singerman, P.A. to represent them as general counsel in these Chapter 11 cases.

1929117-2

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtor, the estate, and the creditors. The Spector Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016. The Spector Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Arthur J. Spector and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014(a), the Court is authorized to grant the relief requested in the Application. Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

**ORDERED** that:

1. The Application is **GRANTED** on an interim basis.

2. The employment by the Debtor, as debtor-in-possession, of Berger Singerman, P.A., as general counsel in this Chapter 11 case is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending a final hearing as set forth below.

3. The employment of Berger Singerman, P.A. by the Debtor shall be effective as of the Petition Date.

4. Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor. Berger Singerman, P.A. will apply for compensation and reimbursement of costs.

5. The Court shall conduct a final hearing (the "**Final Hearing**") on the Application on _____ at ____ a.m./p.m., <u>**United States Bankruptcy Court, Claude Pepper Federal Building, 51 SW First Avenue, Miami, Florida.**</u> Entry of this Interim Order is

2

1929117-2

without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### ###

Copy furnished to:
Douglas A. Bates, Esq.,
BERGER SINGERMAN, P.A.,
200 S. Biscayne Blvd., Ste. 1000,
Miami, FL 33131

Attorney Bates is directed to serve this Order to all parties of interest and to file a Certificate of Service.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Case

DM Industries, Ltd.                                       Case No. _____

        Debtor.
_____/

### DECLARATION OF ARTHUR J. SPECTOR, ON BEHALF OF BERGER SINGERMAN, P.A., AS PROPOSED COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

1.    I am Arthur J. Spector. I am an attorney and shareholder of the law firm of Berger Singerman, P.A. ("Berger Singerman"). Our firm maintains offices for the practice of law at 200 South Biscayne Boulevard, Suite 1000, Miami, Florida 33131; 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 2650 North Military Trail, Suite 240, Boca Raton, Florida 33431-7291; and 125 South Gadsden Street, Suite 300, Tallahassee, Florida 32301. I am familiar with the matters set forth herein and make this declaration (the " Declaration") in support of the *Application for Approval of Employment of Arthur J. Spector and Berger Singerman, P.A. as Counsel to the Debtor Effective as of the Petition Date* (the "Application").

2.    In support of the Application, I disclose the following:

    a.    Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

    b.    In preparing this Declaration, I reviewed the list of all of the creditors of DM Industries, Inc. ("Debtor"), provided to us by the chief executive officer ("CEO") of the Debtor. I also caused as UCC search to be conducted with the Secretary of State of the State of

1931272-2

Florida. I compared the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this Amended Declaration as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors, the United States trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system. Specifically, I have caused to be conducted (i) a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b), and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor and the creditors of the Debtor. Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman. Because Berger Singerman (formerly Berger Davis & Singerman, P.A., previously Berger & Davis, P.A. and previously Berger, Shapiro & Davis, P.A.) has been in existence since 1985 and does not maintain computerized records of all cases during those years, it is impossible to state with certainty whether the firm has ever represented any existing creditor of the Debtor.

3. Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.  A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a)  *Wachovia Bank* is listed as a creditor of the Debtor. Berger Singerman has represented a number of clients who are adverse to *Wachovia Bank*, in that they have incurred a debt to *Wachovia Bank* in matters wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman represented *Wachovia Bank* in a matter which is now closed and which was wholly unrelated to the instant bankruptcy case;

b)  *Comerica Bank* is listed as a creditor of the Debtor. Berger Singerman has represented a number of clients who are or were adverse to *Comerica Bank*, in that they have incurred a debt to *Comerica Bank* in matters wholly unrelated to this case. In addition, Berger Singerman represented Comerica Bank & Trust in two matters which are now closed and which were wholly unrelated to this case;

c)  Berger Singerman represents *Leaf Funding, Inc.* in a matter wholly unrelated to this case. *Leaf Financial* is listed as a creditor of the Debtor's and is also a related party in the *Leaf Funding, Inc.* matter;

d)  Berger Singerman currently represents Puig, Inc. et al., including Puig Development Corporation ("Puig") in wholly unrelated jointly administered Chapter 11 cases (Case No. 07-14026-BKC-RAM – Case No. 07-14027-BKC-RAM; Case No. 07-14029-BKC-RAM – Case No. 01-14039-BKC-RAM; Case No. 07-15164-BKC-RAM and Case No. 07-15337-BKC-RAM; all administered under Case No. 07-14026-BKC-RAM) currently pending in the United States Bankruptcy Court for the Southern District of Florida before the Honorable Robert A. Mark. The Debtor has a scheduled claim in the Puig Development Corporation case (Case No. 07-14027-BKC-RAM) ("PDC") in the amount of $45,878, which PDC states is

contingent, unliquidated and disputed. The Debtor also has a scheduled allowed claim in the Puig, Inc. case in the amount of $66,469.24. At this point, the estates are administratively insolvent. However, counsel for the Committee of Unsecured Creditors is pursuing litigation that could result in some potential recovery in the future, thus potentially giving the Debtor's allowed claim in the Puig, Inc. case some future value. However, the Debtor believes that it is not owed anything by either of the Puig entities because the claims in question are, in fact, debts of an affiliate of the Debtor, FW Supply, Inc. To the extent that either of these claims is prosecuted in the future, the Debtor will retain special counsel to deal with them.

    e)  *Florida Power & Light ("FPL")* is listed as a creditor of the Debtor. Berger Singerman represents *FPL* in a matter wholly unrelated to the instant bankruptcy case. Berger Singerman has also represented a number of clients who are adverse to *FPL*, in that they have incurred a debt to *FPL* in matters wholly unrelated to the instant bankruptcy case;

    f)  Berger Singerman represents an individual by the name of *Eduardo Perez*, in a matter wholly unrelated to the instant bankruptcy case. This individual is listed as a creditor of the Debtor. It is impractical for our firm to confirm with certainty that the individual associated with this representation is the same individual listed as creditor of the Debtor;

    g)  There are numerous creditors of the Debtor which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy case. These creditors include *ADT Security, Ashland Distribution Company, AT&T, Cintas Corporation, City of Tampa Utilities, Compass Bank, Crystal Springs Water Company, Digi-Key Corporation, De Lage Landen Financial Services, Eagle Global Logistics, Enterprise Fleet Services, ExxonMobil Fleet/GECC, Federal Express, Florida City Gas, Florida Department of Revenue, Florida Power & Light, FW Supply, LLC,*

*GTI Industries, Huntington National Bank, Imperial Premium Finance, Iron Mountain Information Management, Inc., Manifest Funding Services, Marlin Leasing Corporation, MSC Industrial Supply Company, Office Max, Orlando Sentinel, Orlando Utilities Commission, Palm Beach Newspapers, Pepsi-Cola General Bottlers, R & L Carriers, Inc., Roadway Express, Inc., Safety Products, Inc., State of Florida Disbursement, T-Mobile, Waste Professionals, United Parcel Service, Zephyrhills Natural Spring Water and Doug Belden, Tax Collector.*

5.  Other than as set forth in this Declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6.  Neither I nor our firm has or will represent any other entity in connection with this case, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Debtor-in-Possession, unless otherwise authorized by the Court.

7.  On September 18, 2008, the Debtor retained Berger Singerman to act as its counsel in connection with a workout. Since that date, Berger Singerman provided pre-petition services to the Debtor in that engagement and has invoiced and been paid by the Debtor for those services in the amount of **$112,578.32.** In addition, on March 27, 2009, Berger Singerman received a bankruptcy retainer in the amount of **$50,000.**

8.  Berger Singerman will hold its bankruptcy retainer of $50,000 as security for the fees and costs that may be awarded to it by the Court in this case.

9.  The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Rules 2014 and 2016.

10. The current hourly rates for the attorneys at Berger Singerman range from $320.00 to $535.00. The current hourly rate of Arthur J. Spector, the shareholder who will be principally responsible for Berger Singerman's representation of the Debtor, is $500.00. The current hourly rate for the associate attorney, Douglas A. Bates, who will work on this case is $320.00. The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $75.00 to $185.00. Berger Singerman typically adjusts its hourly rates annually on January 1st.

11. There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12. No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

13. No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

14. No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

15. No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

16. No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

17. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

18. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

19. Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

20. This concludes my Declaration.

<u>28 U.S.C § 1746 Declaration</u>

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 27, 2009.

_/s/ Arthur J. Spector_  
ARTHUR J. SPECTOR

1931272-2                                   7