

**ORDERED in the Southern District of Florida on April 10, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                            Chapter 11 Case

DM Industries, Ltd.                                                    Case No. 09-15533-BKC-LMI

        Debtor.
_____/

### INTERIM ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BERGER SINGERMAN, P.A. AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

**THE MATTER** having come before the Court on the 6th day of April, 2009 at 2:50 p.m. in Miami, Florida upon the *Debtor's Application For Order Authorizing Employment of Berger Singerman, P.A. as Counsel to the Debtor Nunc Pro Tunc to the Petition Date* (the "**Application**") (D.E. No. 6), the *Declaration in Support of First Day Pleadings* (the "**First Day Declaration**") (D.E. No. 20), and the *Declaration of Arthur J. Spector in Support of Debtor's Application* (the "**Spector Declaration**") attached to the Application. The Application requests entry of an order, on an interim basis, approving the Debtor's employment of Berger Singerman, P.A. to represent them as general counsel in these Chapter 11 cases.

2058412-1

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtor, the estate, and the creditors. The Spector Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016. The Spector Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Arthur J. Spector and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014(a), the Court is authorized to grant the relief requested in the Application. Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

**ORDERED** that:

1. The Application is **GRANTED** on an interim basis.

2. The employment by the Debtor, as debtor-in-possession, of Berger Singerman, P.A., as general counsel in this Chapter 11 case is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending a final hearing as set forth below.

3. The employment of Berger Singerman, P.A. by the Debtor shall be effective as of the Petition Date.

4. Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor. Berger Singerman, P.A. will apply for compensation and reimbursement of costs.

5. The Court shall conduct a final hearing (the "**Final Hearing**") on the Application on **April 27, 2009 at 2:00 p.m.**, **United States Bankruptcy Court, Claude Pepper Federal Building, 51 SW First Avenue, Courtroom 1409, Miami, Florida.** Entry of this Interim Order

2058412-1

is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

6.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Douglas Alan Bates, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail: dbates@bergersingerman.com

Copies to:
Douglas Alan Bates, Esq.
(*Attorney Bates is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest*).

2058412-1