

**ORDERED in the Southern District of Florida on April 10, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| DM INDUSTRIES, LTD., | Case No. 09-15533-BKC-LMI |
| Debtor. | |
| _____/ | |

### INTERIM ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF CRISIS MANAGEMENT, INC. *NUNC PRO TUNC* TO PETITION DATE

**THE MATTER** came before the Court on the 6th day of April, 2009 at 2:50 p.m. in Miami, Florida upon the *Debtor's Application For Order Authorizing the Retention of Crisis Management, Inc. Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. No. 7). The Application requests entry of an order approving the Debtor's employment of Crisis Management, Inc. ("CMI") and Alan L. Goldberg ("Goldberg") to serve as chief restructuring officer ("CRO") in this case upon the terms and conditions set forth in the Engagement Letter[1] attached as Exhibit A to the Application. Upon the Application, the *Declaration of Alan L. Goldberg in Support of Debtor's Application for Order Authorizing Retention of Crisis*

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

2058420-1

*Management, Inc. Nunc Pro Tunc to Petition Date* [D.E. 8]; and it appearing that neither CMI nor Goldberg holds or represents any interest adverse to the Debtor's estate; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being properly before this Court pursuant to 28 U.S.C. § 1408; and it appearing that adequate notice of the Application has been given and that no other and further notice is necessary; and the relief requested in the Application being in the best interests of the Debtor, the estate, and the creditors; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation thereon; and good and sufficient cause appearing therefore, it is

**ORDERED** that:

1. The Application is **GRANTED,** on an interim basis.

2. The Debtor is authorized to: (i) employ and retain CMI on an interim basis on the terms set forth in the Engagement Letter pending the final hearing as set forth below; and (ii) designate Goldberg as CRO for the Debtor.

3. The employment of CMI by the Debtor shall be *nunc pro tunc* to Petition Date.

4. Notwithstanding anything to the contrary in the Engagement Letter, (i) the Engagement Letter shall be governed by Florida Law; and (ii) until entry of a final order, there is no limitation on liability for claims asserted against CMI by the Debtor.

2058420-1

5. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter or this Order, the terms of this Order shall govern.

6. The Office of the United States Trustee and other parties-in-interest retain all rights to object to CMI's compensation reports (including expense reimbursement) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. CMI and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments; or (ii) provide or conform to any schedule of hourly rates. Requests for reimbursement of expenses shall be in accordance with the guidelines of this Court.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The court shall conduct a final hearing (the "Final Hearing") on the Application on **April 27, 2009 at 2:00 p.m. at the United States Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1409, Miami, Florida**.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Douglas Alan Bates, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail: dbates@bergersingerman.com

Copies to:
Douglas Alan Bates, Esq.
(*Attorney Bates is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest*).

2058420-1