

**ORDERED in the Southern District of Florida on April 10, 2009.**

                        **Laurel M. Isicoff, Judge**
                        **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DM INDUSTRIES, LTD.,                      Case No. 09-15533-BKC-LMI
                                            Chapter 11 Case

        Debtor.
_____/

### ORDER GRANTING DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

**THIS MATTER** came before the Court on the 6th day of April, 2009 at 2:50 p.m. in Miami, Florida, upon the *Debtor's Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* [D.E. No. 19] (the "Motion")[1]. The Motion requests the entry of an order establishing a procedure for compensating and reimbursing Professionals on a monthly basis. The Court, having determined that the relief requested in the Motion is in the best interests of the Debtor, the estate, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion on the Office of the United States Trustee, the 20 unsecured creditors holding the largest claims, and counsel for all prepetition

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
2058386-1

lenders, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; upon the representation of the Debtor that the estate is administratively solvent; finding that good and sufficient cause exists to grant the Motion, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED**.

    2.    Interim compensation and reimbursement of expenses of the Chapter 11 professionals in this case shall be in accordance with this Order.

    3.    Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in these cases may seek monthly interim compensation in accordance with the following procedures:

    (a)    On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a monthly statement, by hand or overnight delivery upon (i) the Debtor, c/o DM Industries, Ltd., 2320 N.W. 147th Street, Opa-Locka, FL 33054, Attn: Henry Hirst; (ii) Debtor's counsel, c/o Berger Singerman, P.A., Attn: Arthur J. Spector, Esq., 350 E. Las Olas Boulevard, 10th Floor, Fort Lauderdale, FL 33301 and Berger Singerman, P.A., Attn: Douglas A. Bates, Esq., 200 S. Biscayne Boulevard, 10th Floor, Miami, FL 33131; (iii) the Office of the United States Trustee, 51 S.W. 1st Avenue, Ste. 1204, Miami, FL 33131; (iv) counsel for the Committee, if one is established; and (v) counsel for all postpetition lenders or their agents (collectively, the "Application Recipients");

    (b)    The monthly statement need not be filed with the Court nor would a courtesy copy need to be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since Professionals are still required to serve and file interim and final applications for approval of fees

and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida;

  (c) Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Application Recipients), which shall ordinarily be for services rendered through a particular calendar month;.

  (d) Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients within 15 calendar days after service of the statement. The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable;

  (e) In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in sub-paragraph (f) below;

  (f) If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e). All Professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fees disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (k) below and after order of Court;

2058386-1

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on the Application Recipients: (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor is authorized to pay, in accordance with sub-paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.  See paragraph (k), below;

(i) The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application;

(j) The first fee statement shall be served by each of the professionals by May 10, 2009, and shall cover the period from the Petition Date through April 30, 2009 (the "First Statement").  Objections, if any, to the First Statement shall be served on the Application Recipients by May 25, 2009;

(k) Unless the Court orders otherwise, each Professional utilizing these procedures shall file interim fee applications in accordance with Section 331 of the Bankruptcy Code as follows:

    i) First Interim Fee Applications may be filed on or before August 20, 2009 (the "First Interim Fee Applications").  The First Interim Fee Applications shall represent fees and costs incurred by the professionals from Petition Date through July 31, 2009.

    ii) Second Interim Fee Applications may be filed on or before December 20, 2009 (the "Second Interim Fee Applications").  The Second

2058386-1

>> Interim Fee Applications shall represent fees and costs incurred by the professionals from August 1, 2009 through November 30, 2009.
>
> iii) Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases. The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the interim fee application in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(l) A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court;

(m) A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(n) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

4. The Debtor shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5. The Debtor may not make any payments under this Order if the Debtor has not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

2058386-1

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtor or the Committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

8. All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification when serving each monthly invoice: I hereby certify that I am in compliance with the terms of the *Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals*.

# # #

Submitted by:
Douglas A. Bates, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail:  dbates@bergersingerman.com

Copies to:
Douglas A. Bates, Esq.
*(Attorney Bates  is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest)*

2058386-1