UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 09-15533-BKC-LMI

DM INDUSTRIES, LTD.,                            Chapter 11 Case

_____Debtor._____/

## DEBTOR'S APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF A·S·K FINANCIAL LLP AS SPECIAL COLLECTION COUNSEL TO THE DEBTOR EFFECTIVE AS OF APRIL 13, 2009

DM Industries, Ltd., (the "**Debtor**"), by and through its Chief Restructuring Office, Alan L. Goldberg files this application (the "Application") for approval of employment of the law firm A·S·K FINANCIAL LLP ("A·S·K"), as special collections counsel to the Debtor effective as of April 13, 2009 and states:

1.      On March 27, 2009 (the "Petition Date"), the Debtor commenced this case upon the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*.

2.      The Debtor hereby applies to this Court for an order approving the employment of A·S·K as special counsel to collect and, if need be, litigate to collect, the Debtor's accounts receivable.

3.      The Debtor estimates that there are approximately $3 million in accounts receivable that remain unpaid, of which more than $1.5 million are over 90 days old. The Debtor does not have sufficient staff and resources to collect these accounts receivable. In order to ensure the collectability of these rapidly aging accounts receivable the Debtor needs the immediate assistance of an experienced collection commercial law firm.

4.    Upon information and belief, A·S·K is an insolvency and commercial law firm that specializes in the nationwide collection of accounts receivable owed to bankruptcy estates and large scale credit grantors. Since 1983, A·S·K has prosecuted more than 100,000 accounts receivable and avoidance claims against companies with a variety of ownership structures, doing business in virtually every type of industry, and located throughout the United States and Canada. In the last five years A·S·K has filed more than 8,500 adversary proceedings and recovered more than $100 million for its clients. A·S·K will provide collection services for the Debtor from the initial demand letter to the filing of suit and the enforcement of judgments on a nationwide basis.

5.    A·S·K is willing to perform these services immediately. Thus, the Debtor seeks an order that A·S·K's employment be effective *nun pro tunc* to April 13, 2009.

6.    A·S·K will perform the services and charge the contingency legal fees and reimbursed expenses as follows:

| Collection Type | Percentage |
|---|---|
| Pre-Suit | 15% |
| Suit up to the Commencement of Trial or Entry of a Summary or Default Judgment | 30% |
| Trial or Post Judgment | 35% |

These fees shall be applied against the gross collections and apply to all sums collected on the Debtor's behalf including any attorneys' fees that may be awarded by a court or paid voluntarily by an account debtor. Also, the above fee structure is not cumulative, that is when a file is placed in suit, the higher contingency fee applies instead of (rather than in addition to) the lower contingency fee.

7.    In addition to the contingency fee set forth above, the Debtor shall be responsible for the reimbursement of the following costs incurred: filing fees, process service fees,

2065817-1                                    2

recordation fees, overnight delivery services, messenger services, attorney travel, deposition and court transcript fees, witness fees, asset investigation reports and such other reasonable and necessary out-of-pocket expenses incurred by A·S·K. The Debtor will not have to reimburse A·S·K for the following expenses unless specifically incurred in the authorized defense of a non defensive counterclaim: photocopy, facsimile, postage and long distance telephone charges.

8.      A·S·K will advise the Debtor and its lead bankruptcy counsel, Berger Singerman, of any counterclaim (such as breach of warranty or product liability claim), that is not a mere setoff to the collection action. A·S·K understands and agrees that the Debtor may chose to select other counsel to defend the counterclaim or decide to settle or dismiss the collection action. A·S·K will be paid its contingency fee based solely on the net recovery to the estate including the value of any claim waiver that is considered part of the settlement. If the Debtor decides to hire A·S·K to defend the non-defensive, substantive counterclaim A·S·K will do so at its hourly rates and agree to file a application for compensation with this court.

9.      Given the substantial number of accounts that remain unpaid and the need for aggressive and immediate collection activity that includes the filing of lawsuits, the Debtor believes that retention of A·S·K under the terms set forth herein is reasonable and appropriate under the circumstances. The retention of A·S·K should be beneficial to the administration of the Debtor's estate and should lead to a maximization of assets to the benefit of the Debtor's estate.

10.     A·S·K may contract with local counsel, collection agencies, collectors, consultants, and other persons or entities to assist it in the recovery effort. Attorneys in other jurisdictions may be retained to assist in post-judgment enforcement work in their district. A·S·K will be solely responsible for the fees of attorneys and other persons or professionals

2065817-1                                                                                              3

employed by it, at no obligation to the estate. Therefore, it is not necessary that court orders be obtained employing other professionals selected by A·S·K. The fees incurred and absorbed by A·S·K related to its representation are simply collection overhead costs of A·S·K which are of no economic consequence to the Debtor's estate.

11.    A·S·K will provide the Debtor with reports summarizing A·S·K's collection efforts and expenses and will remit net funds (gross collections less its contingency fees and the reimbursable expenses) recovered on a monthly basis. Its contingency fee percentage and fees shall be itemized for each collection.

12.    The Debtor requests that the compensation arrangement outlined herein be approved, and that A·S·K be authorized to deduct its contingency fees and reimbursable costs outlined above from recoveries made by A·S·K on an interim basis as an ongoing administrative expense of recoveries made by A·S·K. As A·S·K's contingency fee rates and manner of payment are fully disclosed herein, further Court authorization for the interim periodic payments of the fees should not be required. A·S·K acknowledges that its fees are subject to modification if warranted under 11 U.S.C. § § 328(a) and § 330, and if required, will file a final fee application at the conclusion of the case for all services rendered which discloses the gross collections realized, overall fees in dollar amount and as a percentage of gross collections, the number of claims assigned and sued, and the average fee per claim and per suit filed.

13.    Based upon the Steinfeld Affidavit, A·S·K is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, A·S·K does not hold or represent an interest adverse to the Debtor's estate with respect to the matter on which A·S·K will be employed, in accordance with section 1103(b) of the Bankruptcy Code, and (1) A·S·K's connections with the Debtor, creditors, any other party in interest, or their respective attorneys

are disclosed in the Steinfeld Affidavit; and (2) the A·S·K professionals working on this matter are not relatives of the United States trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of this Court. A·S·K has not provided, and will not provide any, professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this case.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order in the form annexed hereto as Exhibit "A" (i) approving the employment of A·S·K *nunc pro tunc* to April 13, 2009 and (ii) granting any other relief as the Court deems appropriate.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of this Application was served electronically to CM/ECF subscribers and via U.S. Mail, postage prepaid, to all parties of interest on the attached service list.

Dated:  April 14, 2009

Respectfully submitted,

BERGER SINGERMAN, P.A.
*Counsel for the Debtor*
200 South Biscayne Boulevard, 10th Floor
Miami, FL  33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340
and
350 E. Las Olas Boulevard, 10th Floor
Fort Lauderdale, FL 33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

By:  */s/ Arthur J. Spector*
       Arthur J. Spector
       Florida Bar No. 620777
       aspector@bergersingerman.com
       Douglas A. Bates
       Florida Bar No. 791431
       dbates@bergersingerman.com



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DM INDUSTRIES, LTD.,                                    Case No. 09-15533-BKC-LMI
                                                        Chapter 11 Case

        Debtor.

_____/

**ORDER DEBTOR'S APPLICATION FOR ORDER APPROVING THE EMPLOYMENT
OF A·S·K FINANCIAL LLP AS SPECIAL COLLECTION COUNSEL
TO THE DEBTOR EFFECTIVE AS OF APRIL 13, 2009**

       **THIS MATTER** came before the Court on _____, __, 2009 at _____a.m./p.m. in Miami,

Florida, upon the *Debtor's Application for Order Approving the Employment of A·S·K Financial*

*LLP as Special Collection Counsel to the Debtor Effective as of April 13, 2009* (the "Application")

[D.E. No. __]. The Court has jurisdiction over the matters raised in the Motion pursuant to 28

U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief

requested in the Application is in the best interests of the Debtor, its estate, and its creditors. Proper

and adequate notice of the Application and the hearing thereon has been given and that no other or

further notice is necessary.  Upon the record herein after due deliberation thereon, good and

sufficient cause exists for the granting of the relief set forth herein.  Accordingly, it is

**ORDERED** that:

1.      The Application is **GRANTED**.

2.      The employment of A·S·K Financial, LLP as special collection counsel to the Debtor

effective as of April 13, 2009 is approved.

#   #   #

Submitted by:
Douglas A. Bates, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., 10th Floor
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail:  dbates@bergersingerman.com

Copies to:
Douglas A. Bates, Esq.
*(Attorney Bates  is directed to mail a conformed copy of this Order, immediately upon receipt, to
all parties in interest)*

## MASTER SERVICE LIST
## DM INDUSTRIES, LTD

### The United States Trustee:

The Office of the United States Trustee
Steven R. Turner.
51 S.W. 1st Street, Room 1204
Miami, Florida 33130

### COUNSEL FOR THE DEBTORS

**Arthur Spector, Esq.**
Berger Singerman, P.A.
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
aspector@bergersingerman.com

**Douglas A. Bates, Esq**
Berger Singerman, P.A,
200 S. Biscayne Blvd.
10th Floor
Miami, FL 33131

### LIST OF CREDITORS HOLDING 20
### LARGEST UNSECURED CLAIMS

AOC, LLC- Florida
Attn: Jerry Swan
3605 Collections Center Drive
Chicago, IL 60693

Waterway Plastics
Attn: David Ludwig
2200 East Sturgis Road
Oxnard, CA 93030

FW Supply, LLC
Attn:  Sarais Sampedro
3395 NW 79th Avenue
Miami, FL 33122

Consumer Engineering, Inc.
2730 Kirby Avenue N.E. Unit 6
Palm Bay, FL 32905
Attn:  Jerrell Hollaway

2043665-1

Jet Plastics
Attn: Lee Johnson
941 N Eastern Avenue
Los Angeles, CA 90063-1307

Lucite International, Inc.
Attn: David Gorglione
P.O. Box 415000
Nashville, TN 37241-5000

Fastbolt Florida Corp.
Attn: Andrew Zaukas
10354 McNab Road
Tamarac, FL 33321

Aljoma Lumber Inc.
Attn: Jose Garcia
P.O. Box 530155
Atlanta, GA 30353

Vartek Industries, LLC
Attn: Cindy Goodwin
6715 N 53rd Street
Tamarac, FL 33610

Confer Plastics, Inc.
Attn: Benny Hernandez
97 Winter Road
N. Tonawanda, NY 14120-2421

Advic Packaging Group
Attn: Mike Zegler
13819 S.W. 139 Court
Miami, FL 33186

Pentair Pool Products
Attn: Ed Fowler
Atlanta, GA 30384-3587

International Plywood, Corp.
Attn: George Recio
7340 NW 56th Street
Miami, FL 33166

BSAF Corp.
Attn: Simon Hoang
410 – 601 Sixth Street
New Westminster, BC VeL 3C1
Canada

RMI-F
Attn: Jay Kelsaw
230 Bartow Municipal Airport
Bartow, FL 33830-9504

Morbern U.S.A. Inc.
Attn: David Harper
P.O. Box 532112
Atlanta, GA 30353-2112

J R C Transportation, Inc.
Attn: Anita Decker
P.O. Box 15101
Newark, NJ 07192-5101

A.O. Smith Electrical Products Co.
Attn: Verdell Breitenfield
P.O. Box 65197
Charlotte, NC 28265

2043665-1

Marathon Electric Mfg Corp.
Attn: Ed Yager
BIN 88036
Milwaukee, WI 53288

Hexion Specialty Chemicals, Inc.
Attn: Chanelle Corley
12850 Collection Drive – BOA Bldg.
Chicago, IL 60693

## SECURED LENDERS

Comerica Bank
Ralph E. McDowell, Esq.
Bodman LLP
100 Renaissance Center
14th Floor
Detroit, MI 48243
rmcdowell@bodmanllc.com

## DEBTOR

Eric Dormoy
DM Industries, Inc.
2320 NW 147th Street
Opa Locka, FL 33054

Henry Hirst
DM Industries, Inc.
2320 NW 147th Street
Opa Locka, FL 33054

## DEBTOR'S PROFESSIONALS

Alan L. Goldberg
Chief Restructuring Officer for the Debtor
Crisis Management, Inc.
1112 S.W. Third Street Suite 701
Miami, FL 33130

2043665-1

## GOVERNMENT ENTITIES

United States of America
Department of Treasury
51 S.W. 1st Avenue
Room 1114
Miami, FL 33130-1623

Miami-Dade County Tax Collector
140 West Flagler Street #1403
Miami, FL 33130-1561

Department of Revenue
State of Florida
P.O. Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

## UTILITIES

ADT
P.O. Box 371967
Pittsburgh, PA 15250

AT&T
P.O. Box 70529
Charlotte, NC28272

AT&T
P.O. Box 10562
Atlanta, GA 30348

AT&T
P.O. Box 13148
Newark, NJ 07101-5648

2043665-1

AT&T
P.O. Box 830120
Baltimore, MD 21283-0120

Brighthouse
P.O. Box 311731
Tampa, FL 33631

City of Melbourne
900 E. Strawbridge Avenue
Melbourne, FL 32901

City of Opa Locka
P.O. Box 54071
Opa Locka, FL 33054

City of Sunrise
10770 West Oakland Park Blvd
Sunrise, FL 33351

City of Tampa Utilities
P.O. Box 30191
Tampa, FL 33630

Fire Alarm Systems 7 Security I
3901 SW 47th Avenue Unit 408
Davie, FL 33314

Florida City Gas
P.O. Box 1559
Newark, NJ 07101-1559

FPL
General Mail Facility
Miami, FL 33188

JEA
P.O. Box 44297
Jacksonville, FL 32231

Orlando Utilities Commission
P.O. Box 4901
Orlando, FL 32802

Siegel Gas
2590 P.O. Box 524228
Miami, FL 33152

Teco Tampa Electric
P.O. Box 31318
Tampa, FL 33631

T-Mobile
P.O. Box 742596
Cincinnati, OH 45274-2596

2043665-1

Verizon
P.O. Box 92041
Dallas, TX 75392

## INSURANCE COMPANIES

USI Insurance
201 Alhambra Circle
Suite 100
Coral Gables, FL 33134-5199

AIG
70 Pine Street
New York, NY 10270

Imperial Premium Finance, Inc.
P.O. Box 9045
New York, NY 10087-9045

Affinity Insurance Ltd
201 Alhambra Circle
Suite 100
Coral Gables, FL 33134-5199

## NOTICES OF APPEARANCE

C. Craig Eller, Esq.
Broad and Cassel
Attorneys for Comerica
One North Clematis Street, Suite 500
West Palm Beach, FL  33401

Melinda S. Thornton, Esq.
Assistant County Attorney
Attorney for Miami-Dade County Tax Collector
2810 Stephen P. Clark Center
111 N.W. First Street
Miami, FL 33128-1993

Ana L. Zelaya
Paralegal Collection Specialist
Miami Dade Bankruptcy Unit
140 West Flagler, Suite 1403
Miami, FL 33130-1575

John J. Lamoureux, Esq.
Carlton Fields, P.A.
Post Office Box 3239
Tampa, FL  33601-3239

2043665-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                    Case No. 09-15533-BKC-LMI

    DM Industries, Ltd.                   Chapter 11 Case

       Debtor.                  /

### AFFIDAVIT OF JOSEPH L. STEINFELD, JR.

STATE OF MINNESOTA   )
                        ) ss.
COUNTY OF DAKOTA     )

      JOSEPH L. STEINFELD, JR., being duly sworn to oath, deposes and says:

      1.     I am a co-managing principal of A·S·K Financial ("A·S·K"). A·S·K has a broad based national practice specializing in the contingency fee-based analysis and recovery of avoidance power claims and accounts receivable for bankruptcy estates. My office is at 2600 Eagan Woods Drive, Suite 400, Eagan, Minnesota 55121. A·S·K also has a fully staffed office in California at 17401 Ventura Boulevard, Encino, California 91316. Both offices will be used in this employment.

      2.     I submit this affidavit in support of the Debtor's application (the "Application") for an order approving the retention of A·S·K to perform collection services pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein

requires amendment or modification upon completion of analysis or as additional creditor information becomes available to me, a supplemental affidavit will be submitted to the Court.

3.    Except as hereinafter set forth, to the best of my knowledge, A·S·K, and its partners, members and professionals, (i) do not have any connection with the Debtor, its creditors, equity security holders, or any other party in interest in this bankruptcy case, or their respective attorneys or accountants, (ii) are "disinterested persons" as defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and ,(iii) do not hold or represent an interest adverse to this estate.

4.    A·S·K is not presently aware but may have in the past represented or currently represents creditors of the Debtor, and affiliates of such creditors, and other parties in interest (the "Potential A·S·K Clients") in matters unrelated to these bankruptcy cases and the Debtor. In any event, A·S·K will not represent any of the foregoing in any facet of this bankruptcy case.

5.    In addition to the foregoing, I have ascertained that there is no connection (as such term is used in Section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a), between A·S·K and the United States Trustee or any person employed by the Office of the United States Trustee.

(a) Neither A·S·K nor any professional at A·S·K holds or represents an interest adverse to the Debtor's estate.

(b) Neither A·S·K nor any professional at A·S·K is or was a creditor, an equity security holder or an insider of the Debtor.

(c) Neither A·S·K nor any professional at A·S·K is or was an investment banker for any outstanding security of the Debtor.

(d) Neither A·S·K nor any professional at A·S·K is or was, within three (3) years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

2

(e)  Neither A·S·K nor any professional at A·S·K is or was, within two (2) years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor.

(f)  Neither A·S·K nor any professional at A·S·K has an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

6.  A·S·K reserves the right to supplement or amend this affidavit in the event additional disclosure is required.

7.  A·S·K has no agreement with any other entity to share with such entity any compensation received by A·S·K.

8.  A·S·K may in the course of its litigation services contract with collection agencies, collectors, and other persons or entities to assist it in the recovery effort. Attorneys in other jurisdictions may be retained as local counsel to assist in post-judgment enforcement work in their district. A·S·K will be solely responsible for the fees of attorneys, including local counsel in Ohio, and other persons or professionals employed by it, at no obligation to the Debtor and the estate.

9.  A·S·K will provide the Debtor with monthly financial reports summarizing collection results and will remit funds recovered net of its fees and expenses on a monthly basis directly to the Debtor as set forth in the Application.

10.  I will cause A·S·K to file a final fee application at the conclusion of its services that discloses the gross collections realized, overall fees in dollar amount and as a percentage of gross collections, the number of claims assigned and sued, and the average fee per claim and per suit filed.

3

I declare under penalty of perjury under the laws of the State of Minnesota and the United States of America that the foregoing is true and correct and that this declaration is executed at Eagan, Minnesota on April 10, 2009.

JOSEPH L. STEINFELD, JR.

SWORN TO AND SUBSCRIBED before
me this 10ᵗʰ day of April 2009.

Notary Public
My Commission
Expires: 1/31/11

LAURIE N PORTEN
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2011

4