**ORDERED in the Southern District of Florida on** April 13, 2009



Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

DM INDUSTRIES, LTD.,            Case No. 09-15533-BKC-LMI
                                          Chapter 11 Case

         Debtor.
_____/

### INTERIM ORDER GRANTING DEBTOR'S APPLICATION FOR AUTHORITY TO RETAIN BAYSHORE PARTNERS, LLC AS INVESTMENT BANKER TO THE DEBTOR

**THE MATTER** having come before the Court on the 6th day of April, 2009 at 2:50 p.m. in Miami, Florida upon the *Debtor's Application for Order Authorizing the Employment and Retention of Bayshore Partners, LLC* [D.E. # 56] as investment banker to the Debtor (the "Application"), filed by the above-captioned debtor in possession (the "Debtor"); the Court having reviewed the Application, the engagement agreement dated April 1, 2009, and revised effective April 9, 2009 (the "Engagement Agreement"), and the Affidavit of Michael F. Turner (the "Turner Affidavit"); the Court finding that: (a) the Court has jurisdiction over this matter

2066387-1

pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application was sufficient under the circumstance; (c) Bayshore is a "disinterested person" pursuant to Section 101(14) of the Bankruptcy Code; and (d) the legal and factual bases set forth in the Application and the Turner Affidavit establish just cause for the relief granted herein; the Court hereby approves of the retention of Bayshore Partners, LLC ("Bayshore") on the terms as set forth on the record and below;

**IT IS HEREBY ORDERED THAT:**

1. The Application, which incorporates by reference all of the terms Engagement Agreement, as amended, is GRANTED on an interim basis as provided in this Order only.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Application or the Engagement Agreement, as the case may be.

3. The Debtor is authorized to retain and employ Bayshore as investment banker in these chapter 11 cases, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002 and the terms set forth in the Application.

4. Bayshore shall be compensated for such services and reimbursed for any related expenses, with such expenses being disclosed to the Court at such time as the amount of the Transaction Fee is approved by the Court, in accordance with section 328(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court. Bayshore shall not be required to file fee applications and shall maintain time records in a summary or streamlined format that shall set forth a description of the services being rendered by each professional and the aggregate amount of time spent by such individual rendering services to or on behalf of the Debtor.

5. Any Transaction Fee payable pursuant to the Engagement Agreement shall be paid only from the proceeds the Transaction (as a cost of such Transaction) free and clear of any lien, claim or interest that any creditor or claimant may possess in the relevant assets sold or the proceeds received in connection with such Transaction.

6. The Initial Fee shall be paid in two installments. The first installment of $25,000 shall be paid immediately upon the entry of this Order. The second installment of $25,000 shall be paid ~~on April 16, 2009~~ *upon final approval of the application · retention.* (lmi) The Initial Fee shall be earned upon receipt and non-refundable.

7. The indemnification provisions (the "Indemnification Provisions") attached to the Engagement Agreement as Exhibit "A" are approved, subject to the following modifications:

(a) All requests of Bayshore, its affiliates or any of its or their respective officers, directors, controlling persons, employees, affiliates, agents, counsel and other advisors (hereinafter collectively referred to as an "Indemnified Party") for payment of indemnification Agreement shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreement, the Bankruptcy Code, the Bankruptcy Rules, and Local Rules and the others of this Court;

(b) Notwithstanding the foregoing, in no event shall an Indemnified Party be indemnified or receive contribution or other payment under the Indemnification Agreement if the Debtor, their estate or the official committee of unsecured creditors appointed in this chapter 11 case asserts a claim, to the extent that the Court determines by final order that such claim arose out of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Party; and, for the avoidance of any doubt, to the extent of such finding, the provisions of the Indemnification Agreement shall not be

applicable, such that Bayshore's potential liability for such acts shall not be limited to the amounts received by Bayshore for services rendered in these chapter 11 cases; and

(c) In the event an Indemnified Party seeks reimbursement for attorneys' fees from the Debtor pursuant to the Indemnification Provisions, the invoices and supporting time records from such attorneys shall be subject to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and the approval of this Court under the standards of 11 U.S.C. 330 without regard to whether such attorney has been retained under 11 U.S.C. 327.

8. In the event the Application is not granted on a final basis, Bayshore shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing. Any party in interest may object to the application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

9. Entry of this Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo standard at the Final Application Hearing. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

10.     A final hearing on the Application will be held on April 20, 2009 at 1:30 p.m (Eastern Daylight Time).

# # #

Submitted by:
Douglas A. Bates, Esq.,
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., 10th Floor
Miami, FL 33131
Tel: 305-755-9500
Fax: 305-714-4340
dbates@bergersingerman.com

Copy furnished to:
Douglas A. Bates, Esq.
(*Attorney Bates is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court*).